IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOPE R. MILLER,

Plaintiff,

v.

TRANS UNION LLC,

Defendant.

Case No. 3:25-cv-00623-RAH-CWB

# EXHIBIT C

## CFPB DISPUTE AND TRANS UNION RESPONSE

CFPB Complaint No. 251125-26222119

Filed November 25, 2025

Trans Union Response: "VERIFIED AS REPORTED"

Response Date: January 3, 2026 — 40 days after receipt

(Exceeds 30-day statutory deadline by 10 days)

Trans Union verified fabricated payment dates, false delinquency codes,
and internal data contradictions on fourteen federal student loan tradelines
despite receiving detailed identification of each impossibility.

*Filed pursuant to the Court's Order dated February 19, 2026 (Doc. 32)*

 An official website of the United States Government

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)                        Start a new complaint

❮ All complaints (.)

# 251125-26222119
**CLOSED**

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 11/25/2025 | Credit reporting or other personal consumer reports | Incorrect information on your report |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

I am disputing how TransUnion is reporting a group of federal Dept. of Education/Aidvantage student loans on my credit report, and I am also disputing the hard inquiries that were made while this inaccurate and incomplete information was being furnished. On my TransUnion disclosure generated on or about 06/17/2025 (showing these accounts updated through 05/31/2025), TransUnion lists a cluster of Dept. of Education/Aidvantage student loans. 1. Loans and balances I am disputing (as shown on TransUnion) In the "Accounts with Adverse Information" / Student Loan section, TransUnion shows at least ten open DEPT OF ED/AIDV loans. Each is listed roughly as: Account Type: Installment account Loan Type: Student loan Responsibility: Individual account Terms: "$0 per month for 240 months, Deferred" Monthly Payment: $0 Pay Status: "Current Account" (or similar) Last Payment Made: 08/26/2023 Date Updated: 05/31/2025 The adverse ED/Aidvantage tradelines on my TransUnion report appear approximately as: DEPT OF ED/AIDV 95005683441B0012011 – opened 05/03/2011, balance ≈ $4,402 DEPT OF ED/AIDV 95005683441B0022011 – opened 05/03/2011, balance ≈ $2,648 DEPT OF ED/AIDV 95005683441B0032011 – opened 09/19/2011, balance ≈ $8,608 DEPT OF ED/AIDV 95005683441B0042006 – opened 06/30/2006, balance ≈ $6,434 DEPT OF ED/AIDV 95005683441B0052012 – opened 11/19/2012, balance ≈ $5,456 DEPT OF ED/AIDV 95005683441B0062012 – opened 11/19/2012, balance ≈ $10,467 DEPT OF ED/AIDV 95005683441B0072014 – opened 02/10/2014, balance ≈ $3,418 DEPT OF ED/AIDV 95005683441B0082014 – opened 02/10/2014, balance ≈ $3,657 DEPT OF ED/AIDV 95005683441B0092015 – opened 01/16/2015, balance ≈ $3,996 DEPT OF ED/AIDV 95005683441B0102015 – opened 01/16/2015, balance ≈ $4,720 In addition, the same TransUnion report shows at least four more Dept. of Education / Aidvantage loans under the "Satisfactory/Other Accounts" section (not flagged as adverse) with approximate balances of: ≈ $1,201 ≈ $6,059 ≈ $4,328 ≈ $2,863 Taken together, TransUnion is reporting about 14 separate ED/Aidvantage tradelines with a combined balance of roughly $68,000 as of 05/31/2025. 2. Conflict with Aidvantage / Dept. of Education

records On my Aidvantage online account, these same obligations appear as Loans 1-01 through 1-14 under the U.S. Dept. of Education (Direct Loans – Subsidized / Unsubsidized and DL Consolidated). The Aidvantage Account History (which I am enclosing) shows: All 14 loans are part of a single Direct Loan group; Normal disbursements, refunds, and capitalized interest entries; No charge-off; No sale to a debt buyer; and No transfer to a collection agency that would split the group into "good" vs. "bad" loans. Despite that, TransUnion splits these ED/Aidvantage loans into different buckets on my file: Some ED/Aidvantage tradelines appear under "Accounts with Adverse Information," and Other ED/Aidvantage tradelines appear under "Satisfactory/Other Accounts" with no adverse label. Nothing in the Aidvantage records explains this split. The servicer treats them as one unified group of federal loans with the same servicer and same federal program. This presentation is misleading. A lender reviewing my TransUnion report could reasonably believe that some of my ED loans are in a much worse or riskier status than others, even though the servicer's records do not show that kind of distinction. Under the FCRA, information can be considered "inaccurate" if it is misleading or materially incomplete, not just when a raw number is wrong. 3. Multi-year blank monetary fields on open ED-held loans For each of these ED/Aidvantage tradelines, my TransUnion report includes a payment-history grid (typically covering 2018–2025) with monthly rows and columns for: Balance Past Due Amount Paid Scheduled Payment Remarks Rating For years before late 2022, the report shows: A tradeline header clearly identifying the account as an open, active federal student loan with a positive balance, deferred terms, and "Current Account" status; but In the monthly grid, many months (including months in 2018–2022, such as July–November 2022) where Balance, Past Due, Amount Paid, and Scheduled Payment are all "—" (blank) instead of dollar amounts or even $0. That same "blank monetary fields" pattern repeats across the other ED/Aidvantage loans: long stretches of months where the four core monetary fields are not displayed at all, even though TransUnion is reporting these as open installment accounts with balances and ongoing updates. For open, interest-bearing federal loans, it is hard to understand how TransUnion and the furnisher can: Assign an account type, current balance, terms, last payment date, and pay status, but at the same time Show year after year of history in which the monthly balance, amount due, past-due amount, and amount paid are effectively "unknown." 4. How this conflicts with Metro 2® / CRRG 2023 student-loan guidance To my understanding, TransUnion and ED/Aidvantage both rely on the Metro 2® format and the Credit Reporting Resource Guide (CRRG 2023) for student-loan reporting. In that guide, the base-segment layouts and monetary-field tables treat fields such as: Field 15 – Scheduled Monthly Payment Amount Field 16 – Actual/Amount Paid Field 21 – Current Balance Field 22 – Amount Past Due as required monetary fields for active installment and education loans, which should be populated or properly zero-/space-filled when there is no amount, not silently left blank for months and years. The Student Loan Reporters – Federal Loans module instructs federal student-loan furnishers to use the standard Metro 2 format and report all applicable fields for each account, rather than selectively omitting key monetary values. The Programming Standards section warns that deviating from those rules "jeopardizes the integrity of the data." Applied to my situation: These ED/Aidvantage loans are open education loans with active balances; Yet for years of history, TransUnion's consumer disclosure shows the monetary fields simply not populated for many months; and This happens even while the account headers show ongoing updates and current status. That is exactly the kind of integrity problem CRRG warns about. It is not cosmetic. Lenders and scoring models cannot accurately evaluate a loan when basic fields like balance, past-due, scheduled payment, and amount paid are missing across extended periods. 5. Deferment / PDE coding inconsistency and CARES Act requirements On the front pages of my TransUnion disclosure, the remarks legend defines "PDE – Payment Deferred." In more recent years (for example, 2024–2025), TransUnion uses PDE in a way that makes sense: Balance populated; Past Due = $0; Scheduled Payment = $0; Amount Paid = $0; Remarks = PDE; Rating shows "OK" or similar. However, during many earlier deferment/forbearance periods—including the CARES Act payment-pause window—the same ED/Aidvantage loans: Do not show PDE or any deferment remark (Remarks = "—"); and Have all four monetary fields blank ("—") for Balance, Past Due, Amount Paid, and Scheduled Payment, even though the loans are open ED-held loans and are not reported as charged off. That inconsistency makes the report confusing and incomplete as to which months were deferred but current versus which (if any) were truly delinquent. Under the CARES Act, including § 3513 and § 4021: Payments on ED-held loans were suspended and interest set to 0% for a defined period, and When a borrower's account was current at the start of a COVID-related accommodation, the furnisher was expected to continue reporting the account as current and not advance delinquency, while suspended payments were treated as if they had been made for credit-reporting purposes. On my TransUnion file today: The ED/Aidvantage loans show $0 monthly payment, deferred

Complaint Detail

terms, and "Current Account" status; yet During the CARES window, many rows in the payment grids show no PDE remark and blank monetary fields, instead of clearly reporting Scheduled Payment = $0 and Past Due = $0 during the federal payment pause. By comparison, the Aidvantage Account History I am enclosing shows coordinated entries for all 14 loans on key dates such as 03/13/2020, 09/01/2023, 12/27/2023, and 11/27/2024, labeled "Capitalized Interest" with $0.00 principal / interest / fees / total for each loan. That is consistent with federal administrative adjustments under a 0%-interest CARES regime—not with charge-off or sale to collections. There is nothing in the Aidvantage history indicating that: Any of these loans were charged off, sold, or transferred to a third-party debt buyer; or Some loans in this group have a fundamentally different legal status that would justify TransUnion's adverse vs. satisfactory split. 6. FCRA duties: "maximum possible accuracy," completeness, reinvestigation, and DOFD Under the Fair Credit Reporting Act (FCRA): 15 U.S.C. § 1681e(b) requires TransUnion to follow reasonable procedures to assure the "maximum possible accuracy" of the information it reports about me. 15 U.S.C. § 1681i(a)(1)(A) requires TransUnion to reinvestigate disputes about completeness or accuracy and delete or modify information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681s-2(b) requires furnishers such as Dept. of Education/Aidvantage to reasonably investigate disputes forwarded by a CRA, review all relevant information, and correct, update, or delete information that is inaccurate or incomplete. 15 U.S.C. § 1681b limits when and to whom a CRA may furnish a consumer report, based on specific "permissible purposes" (e.g., credit transaction, account review, employment with consent, etc.). Federal appellate courts (including the Eleventh and Seventh Circuits) have recognized that a credit report can be "inaccurate" when it is misleading or materially incomplete, even if some underlying numbers are technically correct. In my case, a report that: Conceals years of monetary data on open ED-held loans; Fails to clearly code government-mandated deferments / CARES accommodations; and Splits a single ED loan group into "adverse" vs. "satisfactory" pieces with no corresponding event in the servicer records, is not "maximum possible accuracy" under the FCRA. Also, the Date of First Delinquency (DOFD) controls how long derogatory information can legally remain on a report under the FCRA's 7-year obsolescence rule. On my current TransUnion disclosure for these ED/Aidvantage loans: I do not see any clearly labeled DOFD for any historical delinquency on these tradelines; and I do not see any "estimated date this item will be removed" field for these student-loan accounts, unlike other tradelines on my report. If there have ever been any 30/60/90/120-day delinquency codes reported on these ED loans—either in the grid or internally—I am asking that, as part of this reinvestigation, TransUnion either: Clearly identify the DOFD and the corresponding removal dates for any such derogatory history; or Remove any derogatory codes that cannot be tied to a documented DOFD and removal schedule consistent with the FCRA. 7. Hard inquiries that used this disputed TransUnion data (and FCRA permissible-purpose concerns) While these disputed ED/Aidvantage tradelines—with blank monetary fields and confusing coding—were on my TransUnion file, multiple "Regular Inquiries" (hard pulls) were made by lenders and finance companies. My TransUnion disclosure shows, for example: CRESCENT BANK-BATON ROUGE – inquiries dated 06/05/2025 and 06/04/2024 – auto lender FOURSIGHT CAPITAL LLC – inquiry dated 06/05/2025 – auto finance REGIONAL ACCEPTANCE – inquiries dated 06/05/2025 and 06/04/2024 – auto finance TBOMCONTFIN (The Bank of Missouri / Continental Finance) – 01/27/2025 – credit card/finance SYNOVUSVERV FIRSTDIGITAL – 01/10/2025 – credit card issuer TBOMVERVENT TOTAL VISA – 12/21/2024 – credit card issuer MRVVERVENT-REVVI – 10/24/2024 – credit card issuer STIVERS FORD LINCOLN via 700CR / STIVERS FORD LINCOLN – 08/20/2024 – auto dealer FORD CREDIT – 08/20/2024 – auto finance TransUnion's own explanation says Regular Inquiries mean these companies accessed my credit information and that these inquiries will stay on my file for up to two years. That means these lenders and dealers were looking at my file—including the disputed ED/Aidvantage reporting—when making real credit decisions about me. My disclosure also shows a group of "limited information" / prescreen inquiries for firm offers by companies like: CONSUMER PORTFOLIO SERVI, CAPITAL ONE VIA DEALER, ALLY FINANCIAL, NCCBENTON NISSAN OF OXFO, and CAPITAL ONE. I understand that not all inquiries affect my score, and some prescreen inquiries may involve only limited data. I am not automatically asserting that any particular inquiry lacked a permissible purpose. However, under 15 U.S.C. § 1681b, TransUnion may only furnish my report for specific permissible purposes, and the presence of these entries confirms that: TransUnion has been furnishing or using my information in connection with credit transactions and firm offers; and Any incomplete or misleading reporting of my ED/Aidvantage loans would have been in front of these lenders and finance companies when they evaluated me. Because these Regular Inquiries were made while the data was flawed, I am disputing both: The ED/Aidvantage student-loan reporting itself; and The use and impact of these Regular (hard) inquiries that were made while that

inaccurate/incomplete data was being furnished. 8. What I am asking the CFPB and TransUnion to do Given all of the above, I am asking the CFPB to: Review whether TransUnion has complied with its FCRA duties (including § 1681e(b), § 1681i, and § 1681b) in how it reports and furnishes these ED-held student loans; Consider how the Metro 2 / CRRG 2023 rules for student-loan monetary fields and deferment codes apply to the blank fields and inconsistent PDE coding on my file; Evaluate whether the treatment of CARES-era months is consistent with CARES Act § 3513, § 4021, and related guidance for ED-held loans; and Require TransUnion and the furnisher (Dept. of Education/Aidvantage) to reconcile the TransUnion reporting with the Aidvantage records I am enclosing. Specifically, I am asking that TransUnion: Conduct a full reinvestigation (at least from July 2018 to present) of each ED/Aidvantage tradeline, including monthly monetary values and deferment/CARES coding for all 14 loans, and how those data were mapped into the payment grids and the "adverse vs. satisfactory" buckets. Correct the reporting so that all applicable Metro 2 / CRRG monetary fields are properly populated or zero-/space-filled, all deferment/CARES months are clearly labeled (including PDE where appropriate), the classification of the loans matches the servicer's records, and any DOFD/removal dates are clearly disclosed. If accurate, complete month-by-month data cannot be provided for the disputed period, delete each affected ED/Aidvantage tradeline and all associated derogatory history, rather than continue to publish incomplete and misleading information. Confirm that each Regular Inquiry listed above had a valid permissible purpose and explain whether the versions of my report furnished in those inquiries contained the same disputed ED/Aidvantage reporting, and what will be done to prevent those errors from being furnished going forward. I am enclosing copies of: My TransUnion credit disclosure showing the 14 ED/Aidvantage tradelines and the inquiries; and My Aidvantage servicer records (Loan Group 1-01 through 1-14) showing how the Dept. of Education actually treats these loans, including the CARES-era 0%-interest adjustments. I am asking for a full, documented reinvestigation and for my file to be corrected so that the federal student-loan information and related inquiries are accurate, complete, and not misleading under the FCRA, the CARES Act protections for ED-held loans, and the Metro 2 / CRRG 2023 reporting standards.

**ATTACHMENTS**

| | | | | | | |
|---|---|---|---|---|---|---|
| Front of Social Security Card.jpg (424 KB) | Hope Miller TransUnion Credit Report 06172025 (2).pdf (6.1 MB) | Aidvantage Account History.pdf (1.1 MB) | Back of Social security card.jpg (368.3 KB) | Back of Driver's License.jpg (394 KB) | Front of Driver License.jpg (424 KB) | paystub.pdf (45 KB) |

View full complaint ⊕

## ✔ Sent to company

**STATUS**

Sent to company on 11/25/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✔ Company still working

**STATUS**

Company response is in progress as of 11/26/2025

Complaint Detail

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

**COMPANY'S INTERIM RESPONSE**

We received your complaint about the items in your credit report, and apologize for any difficulty you may have experienced. We are currently reviewing your complaint along with the information you previously submitted regarding this issue. We will follow-up with you within sixty (60) days from the date you submitted your request.

## ✓ Company responded

| STATUS | RESPONSE TYPE |
|---|---|
| Company responded on 1/4/2026 | Closed with non-monetary relief |

### Company's Response

After careful review, we have determined the information submitted in the portal included a dispute of information appearing on your credit report.

**DESCRIPTION OF NON-MONETARY RELIEF**

In response to your request, the following actions were taken on your credit file: You disputed the following accounts and/or public records on your credit file. Below includes the results of that investigation. DEPT OF ED/AIDV-VERIFIED AS REPORTED (10)

## 🖥 Feedback requested

| STATUS | FEEDBACK DUE |
|---|---|
| Feedback requested on 1/4/2026 | 3/5/2026 |

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

Submit your feedback

Complaint Detail

❌ **Closed**

The CFPB has closed your complaint.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

> Have a question? ¿Preguntas?
>
> (855) 411-2372
>
> TTY/TTD: (855) 729-2372
>
> 9 a.m. to 6 p.m. ET, Monday through Friday
> (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)
>
> More than 180 languages available.

---

 An official website of the United States Government