IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
OPELIKA DIVISION

HOPE R. MILLER,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )      Case No. 3:25-cv-00623-RAH-CWB
                                    )
TRANS UNION LLC,                    )
                                    )
            Defendant.              )

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**1.** Pursuant to Fed. R. Civ. P. 26(f) the following persons participated in a Rule 26(f) conference on May 5, 2026, via video conference:

- *Pro Se* Plaintiff Hope R. Miller ("Plaintiff");

- Leoncio Gil for Defendant Trans Union ("Trans Union").

**2.** **Initial Disclosures**.

To the extent the parties have not already done so, they will share their initial disclosures by **May 29, 2026**.

**3.** **Description of the case.**

**a.** **Summary of Plaintiff's Claims:** Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 et seq., and Alabama common law for defamation per se. Following this Court's February 19, 2026 Order on Defendant's motion to dismiss (Doc. 32), Plaintiff's Second Amended Complaint advances six surviving

counts: willful and negligent failure to follow reasonable procedures under 15 U.S.C. §§ 1681e(b), 1681n, and 1681o; willful and negligent failure to conduct reasonable reinvestigation under 15 U.S.C. §§ 1681i(a), 1681n, and 1681o; violation of the Alabama Deceptive Trade Practices Act under Ala. Code §§ 8-19-5(5), (7), and (27); and defamation per se with malice under Alabama common law preserved through the § 1681h(e) malice exception. Plaintiff alleges that Defendant published consumer reports containing fabricated payment dates on federal student loan tradelines during the CARES Act mandatory deferment window; internally inconsistent header and grid data on the same tradelines; non-compliant reinvestigation responses to Plaintiff's CFPB disputes; and dissemination of inaccurate consumer reports to multiple third-party creditors resulting in documented adverse actions and concrete economic damages, including the closure of Midwest Flava LLC. Plaintiff seeks statutory, actual, and punitive damages; treble damages under the ADTPA; presumed and punitive damages on the defamation per se claim; and attorneys' fees and costs as authorized by 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) and Ala. Code § 8-19-10(a).

**b.** **Summary of Trans Union's Defenses:** As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the

Plaintiff. Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and any underlying creditor(s) or potential third parties. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**4.** **Discovery Plan**.

The parties propose this discovery plan:

**Plaintiff:** Plaintiff anticipates conducting discovery on the following: Defendant's policies, procedures, training, and automated systems for accuracy of consumer reporting under 15 U.S.C. § 1681e(b), including Defendant's matching algorithms, payment-date population logic, and deletion-date calculations; Defendant's reinvestigation policies, procedures, and dispute-handling systems under 15 U.S.C. § 1681i, including the e-OSCAR automated dispute resolution infrastructure and Defendant's compliance with 30-day reinvestigation deadlines; Defendant's compliance with the CDIA Metro 2 format and the Credit Reporting Resource Guide ("CRRG"), including Defendant's role in developing and maintaining those standards; Defendant's policies and procedures for reporting federal student loans during and after the CARES Act mandatory deferment period (March 2020 – September 2023); the facts and circumstances surrounding Defendant's reporting of Plaintiff's tradelines specifically, including dispute responses, internal communications, and reporting changes; third-party subscribers who received consumer reports concerning Plaintiff and the contents of those reports, including the documented adverse

4

actions taken by NetCredit, CreditFresh, Continental Finance/Bank of Missouri, and Ally Bank; Defendant's prior consumer complaints, regulatory inquiries, and litigation involving substantially similar conduct; the facts and circumstances supporting Plaintiff's damages, including the closure of Midwest Flava LLC and Plaintiff's reputational, emotional, and economic harm; and any other issues raised by the pleadings, defenses, or developed in discovery.

**Defendant Trans Union:** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint; the accuracy of the account(s) at issue; communications between Plaintiff and Trans Union; reinvestigations conducted by Trans Union; communications between Plaintiff and her creditors; the facts and circumstances surrounding Plaintiff's alleged damages; Plaintiff's failure to mitigate her alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's alleged adverse credit action; Plaintiff's credit history and usage; the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

The parties are not seeking documents or information protected by privilege or

otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

**Discovery Cutoff**: All discovery shall be commenced in time to be completed by **February 5, 2027**.

a. A maximum of **twenty-five (25) interrogatories** by each party to any other party. Responses due 30 days from electronic service.

b. A maximum of **thirty (30) requests for production** by each party to any other party. . Responses due 30 days from electronic service.

c. A maximum of **thirty (30) requests for admission** by each party to any other party. Responses due 30 days from electronic service.

d. Proposed limitations on Depositions: A maximum of **ten (10) depositions by oral examination** for each party (not including expert witnesses), not to exceed **seven (7) hours** each, excluding breaks and subject to extension by agreement of the parties and counsel.

e. **Expert Reports**:

**i.** Plaintiff's Expert Disclosure Deadline: **December 8, 2026**.

**ii.** Defendant's Expert Disclosure Deadline: **January 8, 2027**.

**f.** **Supplementation** of disclosures pursuant to Rule 26(e) are due as required, but not later than **January 8, 2027**.

**g.** Disclosure of electronically stored information **(ESI)** shall be as follows:

1. The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The production of ESI should be done in .pdf format when practicable.

2. If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

3. All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or protection as trial- preparation material.

4. The parties will submit to the Court a separate proposed ESI Discovery Protocol Order to establish the parameters and specifications for all ESI discovery, should ESI discovery become an issue.

**h.** The parties agree that, pursuant to Federal Rules of Civil Procedure 5(b) (2)(E) and 6(d), any discovery shall be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (i.e., no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word or (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (i.e., within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

The Parties can be served electronically at the following email addresses:

| Plaintiff Hope Miller | triedbyfire334@gmail.com |
|---|---|
| Defendant Trans Union | wthompson@huielaw.com<br>leon.gil@qslwm.com<br>agonzalez@qslwm.com |

**5.** **Protective Order.**

The parties agree that there may be a need for discovery in this case to be

governed by a protective order. If the parties agree concerning the need for, scope and form of such a protective order, counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**6.** **Other Items**:

   **a.** **Initial Conference:** The parties do not request a conference with the Court before entry of this scheduling order.

   **b.** **Pre-trial Conference:** The parties request a pre-trial conference in **May 2027**.

   **c.** **Plaintiff's Pleadings:** Plaintiff's deadline to amend pleadings or join additional parties is **June 5, 2026**.

   **d.** **Defendant's Pleadings:** Defendants deadline to amend pleadings or join additional parties is **June 19, 2026**.

   **e.** **Dispositive Motions:** All potentially dispositive motions shall be filed by **March 5, 2027**.

   **f.** **Settlement:** The parties have begun discussions regarding settlement but have made incomplete progress toward a resolution.

   **g.** **Alternative Dispute Resolution:** The parties desire to participate in a magistrate-led mediation after some preliminary discovery is

completed. The parties will notify the Court when such discovery is completed and mediation may be scheduled.

h.  **Rule 26(a)(3) Witness and Exhibit Lists:**  Shall be due no later than **30 days** prior to trial.

i.  **Rule 26(a)(3) Objections:**  The parties will have **14 days** after receipt of the Rule 26(a)(3) Witness and Exhibit Lists to list objections under Rule 26(a)(3).

j.  **Trial Date:**  The case should be ready for trial by **June 1, 2027**, and should take approximately two to three days to try.

Counsel for Trans Union obtained expressed permission from Plaintiff to file this Joint Report on her behalf.

DATED:  May 5, 2026

*/s/ Leoncio A. Gil, III*

William T. Thompson, Esq.
ASB-5600-Q45Q
J. Allen Sydnor, Jr., Esq.
ASB-6517-D55J
HUIE, FERNAMBUCQ
  & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone (205) 251-1193
wthompson@huielaw.com
Asydnor@huielaw.com

And

Leoncio A. Gil, III
(*Admitted Pro Hac Vice*)
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Facsimile: (214) 871-2111
*Counsel for Defendant Trans Union LLC*

DATED:  May 5, 2026

*/s/ Hope R. Miller*
(signed with express authorization)

Hope R. Miller
404 Brown Street
Tuskegee, AL 36083
Telephone: (334) 607-3716

*Pro Se Plaintiff*

11

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, and the above and foregoing document was sent via United States First Class Mail to the following non-CM/ECF participant:

Hope R. Miller
404 Brown Street
Tuskegee, AL 36083
(334) 607-3716
*Pro Se Plaintiff*

/s/ Leoncio A. Gil, III

LEONCIO A. GIL, III

321538453v.1