**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HOPE R. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-623-RAH-CWB** |
| | ) | |
| **TRANS UNION LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SCHEDULING ORDER

Upon review and consideration of the Rule 26(f) Report of Parties' Planning Meeting (Doc. 44), it is hereby **ORDERED** as follows:

**SECTION 1.** This case will be scheduled for trial by the assigned United States District Judge at a later time. All trial-specific requirements and deadlines will be set at that time.

**SECTION 2.** Plaintiff shall have until **June 5, 2026** to file motions to add parties and motions to amend the pleadings. Defendant shall have until **June 22, 2026** to do likewise. All such motions must comply with both Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1.

**SECTION 3.** Discovery must be initiated in time to be completed by **February 5, 2027**, except that the deadline may be extended to allow for the deposition of any fact witness whose name is not revealed with sufficient time for the parties to take a deposition by the deadline.

**SECTION 4.** The parties must by the following dates (1) disclose the identity of each person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence and (2) provide a written report from each such retained expert and each such witness whose duties as an employee of the party regularly involve the giving of expert testimony:

Plaintiff – no later than **December 8, 2026**; and
Defendant – no later than **January 8, 2027**.

The parties must comply with all requirements of Rule 26(a)(2) regarding disclosure of expert testimony, and a disclosure will be considered in compliance unless an objection is filed within **fourteen days** after the disclosure. Each expert witness must be made available for deposition within **thirty days** of the corresponding disclosure.

*Daubert* motions must be filed no later than the dispositive motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 5.** All dispositive motions (*i.e.*, motions to dismiss or motions for summary judgment) must be filed no later than **March 5, 2027**. A memorandum brief and (where applicable) supporting evidence must be filed with such motions. The brief in support of a dispositive motion shall be limited to thirty pages; the response brief likewise shall be limited to thirty pages; and any reply brief shall be limited to fifteen pages. Discussion of evidence must contain a specific reference, by page and (if available) line, to where the evidence can be found in a supporting deposition or document. No non-conforming or additional submissions will be accepted unless specifically authorized in advance by the court.

A party filing a motion for summary judgment must include a section titled "Facts." The facts contained therein must be set forth in numbered paragraphs. The party responding to a motion for summary judgment must indicate by corresponding numbered paragraphs whether each fact is disputed or undisputed. If a fact is disputed, the responding party must indicate why the fact is disputed and must point the court to the evidence—including specific page and (if available) line references—that puts the fact in dispute. The responding party also must include within its brief a section titled "Additional Facts" wherein it may set forth in separately numbered paragraphs any additional facts deemed material to its position. The party replying to such response must indicate in corresponding numbered paragraphs whether each additional fact is disputed or undisputed. If an additional fact is disputed, the replying party must indicate why the fact is disputed and must point the court to the evidence—including specific page and (if available) line references—that puts the fact in dispute. Failure to indicate that a particular fact is disputed may result in an assumption that the fact is undisputed for purposes of summary judgment. A motion that is not in compliance with this Scheduling Order may be denied outright.

**SECTION 6.** No later than **June 22, 2026**, the parties must confer about mediation, including whether to utilize a private mediator or a United States Magistrate Judge. Not more than **seven days** after the conference, the parties jointly must file a status report to request mediation with a United States Magistrate Judge or inform the court of their selected private mediator and scheduled mediation date. Mediation must be completed no later than **July 31, 2026**. If any party believes that mediation is not proper, specific justifications must be set out by motion seeking relief from the mediation requirement generally or from the deadline specifically.

**SECTION 7.** If a party has an objection to any of the deadlines established herein, that party must so inform the court within **fourteen days** from the date of this Scheduling Order; otherwise, the court will assume that the deadlines are agreeable and will treat the deadlines as binding. The parties' discovery plan and ESI protocols additionally will be treated as binding parts of this Scheduling Order.

**SECTION 8. GENERAL PROVISIONS:**

(A) All briefs must be formal in format and filed with the clerk of court. The court does not accept "letter briefs" or "letter reports."

(B)  A party's failure to file a response to a motion—either dispositive or non-dispositive—within the time allowed by the court shall be deemed to indicate that there is no opposition to the request(s) contained therein.

(C)  A motion for the extension of a deadline: (i) must be in writing; (ii) must indicate that the movant has in a timely manner contacted the other party; and (iii) must state whether the other party agrees to or opposes the extension.  A motion that fails to meet this requirement will be denied outright unless the movant offers a credible explanation as to why the requirement has not been met.  Absent unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests will not be allowed and "eleventh hour" requests will be denied outright.

(D)  All proposed orders must be submitted to the court as both (1) an Adobe Acrobat PDF attachment filed with the corresponding motion and (2) a Microsoft Word attachment sent via email to **bryanchambers@almd.uscourts.gov**.

(E)  All parties are expected to comply with each provision of this Scheduling Order in a timely manner, and the deadlines and responsibilities set forth herein may not be changed without leave of court.  The parties also are expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov.

**DONE** this the 7th day of May 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3